# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SUCCESS SCREEN GMBH,
    Plaintiff,

v.

LARRY GINSBERG,
    Defendant.

Case No.
3: 07cv00447 (SRU)

## RULING ON MOTION TO COMPEL

On March 21, 2007, Success Screen GMBH ("Success Screen") sued attorney Larry Ginsberg, asserting claims arising out of communications and transactions between Success Screen, Ginsberg, and Ginsberg's client, Richard Holt. Specifically, Success Screen claims that Holt solicited commitments from Success Screen to invest money in a business venture with Holt, and that on Holt's instructions, Success Screen transferred over $300,000 into Ginsberg's Interest on Lawyer's Trust Accounts ("IOLTA") account. Ginsberg has admitted that he disbursed those funds to Holt directly, as well as to creditors of Holt and to the University of Toronto to cover tuition payments, and Success Screen claims that in doing so, Ginsberg breached his fiduciary duties to Success Screen.

On December 11, 2007, Success Screen's counsel served Holt with a subpoena to produce certain documents on January 8, 2008, and to sit for a deposition on January 29, 2008. On December 27, a process server served Holt with that subpoena. Holt refused to answer the door for the process server, but directed him to leave the subpoena in Holt's mailbox, which the server did. Holt did not produce requested documents by January 8, and did not attend his deposition on January 29. Success Screen has since moved to compel Holt's compliance with its subpoena, arguing that (1) I already ordered that compliance, (2) the crime-fraud exception to

attorney-client privilege should apply and render discoverable otherwise privileged communications between Ginsberg and Holt, and (3) many of the requested documents and communications are not privileged or any claimed privilege with regard to those documents or communications has not adequately been described in a privilege log produced by Ginsberg.

For the reasons discussed below, Success Screen's motion to compel (**doc. #56**) is GRANTED in part and DENIED in part.

**I.     Discussion**

On October 25, 2007, I ordered Ginsberg to make certain disclosures to Success Screen. That order stated:

> Defendant Ginsberg has moved for a protective order in this case, and the plaintiff has not objected. That motion is GRANTED. I authorize the defendant to make limited disclosures, pursuant to Rule 1.6(d) of the Connecticut Rules of Professional Responsibility, pertaining to the defendant's communications with his client regarding two wire transfers that form the basis for the present litigation. In addition, the plaintiff shall not use, for any purpose other than the prosecution of this case, any such information that the defendant discloses.

In short, I ordered Ginsberg (not Holt) to make certain disclosures to Success Screen consistent with Rule 1.6(d) of the Connecticut Rules of Professional Responsibility. Rule 1.6(d) states that "A lawyer may reveal such information to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." Both my order and the rule concern *Ginsberg*'s rights and obligations to disclose information that implicates his relationship with Holt, not *Holt*'s obligations to disclose any information. Any argument, then, that Holt is required to respond to Success Screen's discovery requests under my

2

October 25 order, is unavailing.

Success Screen argues that Holt's deposition and production of documents is "essential to determine" (1) the nature and content of Holt's instructions to Ginsberg regarding Success Screen funds, (2) the reasons Holt gave Ginsberg for requesting to use his IOLTA account instead of Holt's bank account, (3) the purposes of disbursements from Ginsberg's IOLTA account, (4) how those disbursed funds were ultimately spent, (5) the nature of agreements between Holt and Ginsberg, and (6) Holt's understanding of how Success Screen's funds would be spent. Mot. to Compel at 2. To answer those questions, Success Screen seeks all communications between Ginsberg and Holt regarding wire transfers, all communications between Ginsberg and Holt regarding business dealings between Success Screen and Holt, and evidence of payments, between Ginsberg and Holt in connection with a foreclosure action pending against Holt[1]. As discussed below, to the extent that Success Screen seeks non-privileged disclosures from Holt, Holt should comply with Success Screen's document requests.

As a general matter, the attorney-client privilege bars disclosure of confidential communications between attorney and client for the purpose of rendering legal advice, and neither the attorney nor the client may be compelled to disclose them. It is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981), *quoted in In re Richard Roe, Inc.*, 68 F.3d 38, 39 (2d Cir. 1995). The attorney-client privilege applies "(1) where legal advice of any kind is sought (2)

---

[1] To the extent that Success Screen's discovery requests are based on its stated desire to understand the allegedly wrongful acts of Holt, it is important to note that Success Screen sued Ginsberg, not Holt. Accordingly, the relevant inquiries for Success Screen concern Ginsberg's knowledge and activities.

3

from a professional legal adviser in his capacity as such, (3) [to] the communications relating to that purpose, (4) made in confidence (5) by the client . . . ." *In re Richard Roe, Inc.*, 68 F.3d at 39 (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). Accordingly, if any communications between Ginsberg and Holt were not made for the purpose of Holt seeking or receiving legal advice from Ginsberg, or were not made in confidence due to the presence of third parties or the disclosure by Ginsberg or Holt of those communications to third parties, or if for any other reason documents or communications between Holt and Ginsberg are not privileged, Holt should disclose those responsive, non-privileged documents or communications to Success Screen.

To the extent that Success Screen seeks disclosures from Holt that are protected by the attorney-client privilege, those documents or communications may nonetheless be discoverable through the application of the "crime-fraud" exception to the attorney-client privilege.

> It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct. . . . The crime-fraud exception thus insures that the secrecy protecting the attorney-client relationship does not extend to communications or work product made for the purpsoe of getting advice for the commission of a fraud or crime.

*Id.* at 40 (internal citations and punctuation omitted). For that exception to apply, though, it is not enough for the otherwise privileged communications to be relevant evidence of a crime or fraud; there must be probable cause to believe the particular communication was intended to facilitate or conceal criminal activity. *Id.*; *see also In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986); *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1039 (2d Cir. 1984).

Here, Success Screen argues that probable cause is established by the evidence of payments from Ginsberg's IOLTA account to Holt, and (according to Success Screen) the lack of a relationship between those payments and any business venture between Holt and Success Screen. Reply at 7. The record evidence does not establish in any way, however, that (1) the transfers from Ginsberg's IOLTA account were improper, (2) the transfers actually were unrelated to the business venture between Holt and Success Screen, (3) the transfers implicate wrongdoing on Ginsberg's part (as opposed to Holt's), or (4) that the privileged communications themselves facilitated or concealed a crime or fraud. Indeed, the propriety of those transfers is to some extent the central question in the litigation between Success Screen and Ginsberg.

Similarly, to the extent that Success Screen argues that it needs the sought-after discovery to establish that Ginsberg had "notice of the fraud being perpetrated by . . . Holt" and that the discovery is "relevant (and needed) to prove claims that [Ginsberg] breached his fiduciary duty to [Success Screen]," Reply at 1, Success Screen misstates the applicable law. As discussed above, the question is not whether Success Screen "needs" the discovery or whether discovery is relevant, but rather whether probable cause exists that the communications at issue themselves furthered a crime or fraud. Although it is possible that privileged communications between Holt and Ginsberg themselves furthered or concealed a fraud or crime, the record evidence in this matter does not support a finding of probable cause that would support piercing Holt and Ginsberg's attorney-client privilege.

Success Screen relies on *Statewide Grievance Committee v. Schaffer*, No. CV030196758, 2004 WL 303654 (Conn. Super. Feb. 2, 2004), in support of its motion. In that case, the Connecticut Superior Court ordered an attorney disbarred due to his breach of fiduciary duty that

5

occurred when he misappropriated funds deposited in his IOLTA account. *Schaffer* does not discuss issues of attorney-client privilege or the crime-fraud exception, and discusses a grievance proceeding as opposed to a civil lawsuit. Most importantly, although alleged conduct is similar in *Schaffer* and here, the role that privilege plays – and the present lack of probable cause to support privilege-piercing – are not found in *Schaffer*.

**II.     Conclusion**

For the reasons discussed herein, Success Screen's motion to compel (**doc. #56**) is GRANTED in part and DENIED in part. Holt is ordered to sit for a deposition, and to otherwise comply with Success Screen's requests for production. To the extent that Holt asserts attorney-client privilege, he should produce a detailed privilege log, clearly identifying the privileged documents or communications along with the basis for his assertion of privilege. *See* L. Civ. R. 26(e). At his deposition, Holt should answer any questions that do not implicate attorney-client privilege, and any disputes related to whether his assertions of privilege are proper will be taken up as needed. This ruling is without prejudice to Success Screen later demonstrating the existence of probable cause to believe that privileged communications between Ginsberg and Holt are subject to the crime-fraud exception to the attorney-client privilege.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of September 2008.

       /s/ Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge